IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA KISHOR,

    Plaintiff,                  No. CIV S-02-1632 FCD JFM P

    vs.

DOCTOR GEAGHTY, et al.,

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motions to dismiss and/or for a more definite statement.[1]

PROCEDURAL BACKGROUND

        Plaintiff filed this action on August 1, 2002. Plaintiff's original and first amended complaints and various addendums thereto were dismissed with leave to amend prior to service of process on any named defendant. By order filed April 29, 2003, this court found service of the

/////

---

[1] Defendant James P. Drennan, M.D. is represented by the law firm of Lynch, Gilardi & Grummer. The remaining defendants are represented by the Attorney General of the State of California.

1

second amended complaint appropriate as to several defendants and made orders necessary for service of process.

Thereafter, several defendants moved to dismiss the second amended complaint or, in the alternative, for a more definite statement. In findings and recommendations filed July 1, 2004, this court found that plaintiff had failed to exhaust administrative remedies prior to suite with respect to all claims except plaintiff's Eighth Amendment claims of deliberate indifference to his medical needs for treatment of back pain and stomach pain (ulcers) and for continuation of heart medication. The court therefore recommended dismissal of the second amended complaint with leave to file a third amended complaint raising only those claims that had been administratively exhausted prior to suit.

The findings and recommendations were adopted in full by the district court on August 2, 2004. On the same day, plaintiff filed a third amended complaint. By order filed October 22, 2004, this court determined that plaintiff's third amended complaint suffered from several defects. Specifically, the court found that plaintiff had (1) included in the third amended complaint a great deal of "immaterial background information;" (2) identified sixteen defendants but failed to include charging allegations against many of them; and (3) failed to limit his Eighth Amendment claims to the three medical conditions specified in the district court's order and instead has alleged inadequate treatment of other medical conditions. (Order filed October 22, 2004, at 3-4.) For those reasons, the court dismissed the third amended complaint and granted plaintiff "one final opportunity to file a pleading that complies with the Federal Rules of Civil Procedure, the Local Rules of Court, the pleading requirements for § 1983 claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment, the limitations of the district court's August 2, 2004 order," and the October 22, 2004 order. (Order filed October 22, 2004, at 4.)

/////

/////

Plaintiff filed a fourth amended complaint on November 23, 2004. On December 1, 2004, defendant Drennan filed a motion to dismiss and/or for a more definite statement, and on December 2, 2004, the other defendants filed a similar motion.

ANALYSIS

All of the defendants seek, inter alia, dismissal of this action with prejudice on the ground that plaintiff has failed to comply with the requirements set forth in this court's October 22, 2004 order for amending his complaint. Specifically, defendants note that plaintiff's fourth amended complaint is virtually identical to his third amended complaint and that plaintiff has made no attempt to limit the claims raised in the fourth amended complaint to those identified by the district court's August 2, 2004 order. Although defendants predicate their motions on Fed. R. Civ. P. 12(b), to the extent that defendants seek dismissal with prejudice for failure to comply with court orders, the motions are properly construed as motions pursuant to Fed. R. Civ. P. 41(b).

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In the instant case, plaintiff has at least twice been specifically ordered to limit the claims raised in this action to those for which he had exhausted administrative remedies prior to suit. In neither his third nor his fourth amended complaint has he done so. In fact, the fourth amended complaint consists principally of a copy of the third amended complaint, to which

plaintiff has appended two new pages of a form complaint and two handwritten pages, neither of which limit the claims raised in the fourth amended complaint in accordance with the requirements of prior court orders.

In determining to recommend that this action be dismissed with prejudice, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for almost three years and plaintiff has not yet filed a pleading containing only the medical claims which the district court has determined were administratively exhausted prior to initiation of this action. Plaintiff's failure to comply with court orders has significantly delayed the progress of this action. Moreover, there is no reason to find that plaintiff will comply with subsequent court orders to amend his complaint appropriately, as he has twice been given clear instructions concerning amendment and has failed each time to comply with those instructions. It thus appears that further time spent by the court on this action will consume scarce judicial resources making orders with which plaintiff demonstrates no intention of complying.

The third factor, prejudice to defendants, also favors dismissal. Defendants have been present in this action for over fifteen months and have incurred time and expense filing two motions to dismiss this action, and plaintiff has yet to file a complaint on which this action can proceed. Defendants should not be required to expend further resources defending this action.

The fifth factor also favors dismissal. The court has twice advised plaintiff of the requirements for amending his complaint and granted ample additional time to do so, all to no avail. Moreover, the court specifically warned plaintiff in the October 22, 2004 order that he would be given "one final opportunity" to file a proper amended complaint, and that "submission of a fourth amended complaint that violates the requirements of [the October 22, 2004] order or the district court's August 2, 2004 order" would result in a recommendation that this action be dismissed. The court finds no suitable alternative to dismissal of this action. See Ferdik, at 1262.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third and fifth factors all support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' December 1, 2004 and December 2, 2004 motions to dismiss be construed as motions to dismiss as a sanction pursuant to Federal Rule of Civil Procedure 41(b) and, so construed, that said motions be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Aalst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2005.

UNITED STATES MAGISTRATE JUDGE

12
kish1632.41b